UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No. 21-7091-JCB

UNITED STATES OF AMERICA

v.

MASSIMO MARENGHI

**ORDER ON GOVERNMENT'S MOTION FOR DETENTION**

February 11, 2021

Boal, M.J.

Defendant Massimo Marenghi is charged in a complaint with use of interstate commerce facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958. An initial appearance was held on February 1, 2021, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A) (crime of violence) and (f)(2)(A) (risk of flight).

This Court held a detention and probable cause hearing on February 10, 2021.[1] The government called Saugus Senior Detective James Donovan and introduced seven exhibits into evidence. Defense counsel cross-examined Detective Donovan and introduced five exhibits into evidence. After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services Report recommending detention, this Court orders Marenghi detained pending trial.

---

[1] This Court reserved decision on probable cause pending the filing of an unredacted version of Exhibit 7. This Court now finds that probable cause exists to believe that the offense of use of interstate commerce facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958 has been committed and that the defendant committed it.

I. **ANALYSIS**

    A. **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

### B. Nature Of The Offense

The government alleges that Marenghi tried to hire someone to murder his wife. Marenghi allegedly asked an individual ("confidential source") to help him kill his wife. That individual later contacted the authorities. The confidential source agreed to assist in the continuing investigation by providing Marenghi with the name and contact information for someone who Marenghi would be told could be hired to murder his wife but who, in reality, would be an undercover FBI agent.

Marenghi met with the undercover agent twice on January 20 and 29, 2021. According to the government, at the January 20 meeting, Marenghi and the undercover agent discussed a price for the murder-for-hire, $10,000. In addition, Marenghi provided the undercover agent with a photograph of his wife's residence; explained in detail the location of the camera outside his wife's house; and described how someone could stand behind the barrels at the end of the driveway such that the person would be hidden from any cameras and out of sight from his wife. At the January 29 meeting, Marenghi provided the undercover agent with a $1,500 cash deposit towards the $10,000 agreed price. He also provided the undercover agent with a photograph of his wife, the hours of operation of her place of business, and a schedule indicating the "best time for the construction work to start."

### C. Defendant's History And Characteristics

Marenghi, age 54, was born in Malden, Massachusetts. He has been unemployed since March 2020 due to the COVID-19 pandemic. He was previously employed with Lyft and Uber for close to three years.

Marenghi's criminal record shows several arrests but no convictions.

### D. Risk Of Flight

Marenghi is a lifelong resident of Massachusetts. He is married and has three children, ages 13, 12, and 10. His children reside with their mother. He has court-ordered visitation with his children three times per week.

Marenghi has resided with his parents for the past year and a half. He has three siblings, all of whom reside in Massachusetts.

### E. Nature and Seriousness of the Danger Posed by Release

The instant charge against Marenghi is of an inherently dangerous nature. In addition, his wife obtained a restraining order against him. Marenghi is alleged to have violated the restraining order on two occasions.

### F. Proposed Conditions of Release

Marenghi proposed to be released on conditions to include (1) home confinement with GPS monitoring, to include an exclusion zone comprised of the City of Malden, where his wife resides; (2) a $25,000 unsecured bond; and (3) having his parents act as third-party custodians.

### G. Assessment Of All Factors

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, I find that the government has met its burden regarding detention. In light of the the nature of the instant charges, as well as his alleged violations of the restraining order, I find that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

### ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED

pending trial, and is further ORDERED that:

(1) Massimo Marenghi be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Massimo Marenghi be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Massimo Marenghi is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge